UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON, KENTUCKY
CASE NO. 08-20895

IN RE:

SMI NEW HOME SOLUTIONS, LLC                                                                DEBTOR

AGREED ORDER OF DISMISSAL

Come now the Debtor in Possession, by counsel, and the United States Trustee, by counsel, and hereby tender this Agreed Order of Dismissal in reference to the above-captioned matter.

BACKGROUND:

This matter was filed as a chapter 11 bankruptcy by the debtor in possession on or about May 5, 2008. All of the real estate assets held by the Debtor in Possession at the time of filing were subject to valid mortgage liens. Following the filing of the bankruptcy case, the Debtor in Possession cooperated with the secured creditors who held mortgages in relation to the multiple construction projects undertaken by the debtor in possession while it was an operating entity. Through the course of those negotiations, and various Orders entered by the Court, the Debtor in Possession has now either sold or relinquished control of all of the properties which were held at the time of the filing of the petition.

All of the properties which were subject of mortgages to First Financial Bank were transferred back to the creditor. All of the properties that were subject to mortgages with Hardy Credit were transferred back to the creditor. All of the properties that were subject to mortgages with Heritage Bank were sold via auction. All but one of the properties that were

1

the subject of mortgage liens of Huntington Bank were sold via auction with the one remaining property having been the subject of a recent Order of this Court granting a motion for relief from stay in favor of Huntington Bank. Huntington Bank will be proceeding with a foreclosure as to the property that was the subject of the motion for relief from stay. The net result of the transactions noted within this paragraph is that the Debtor in Possession no longer holds any real estate assets. Except as described below regarding a limited amount of cash, the Debtor in Possession has no other remaining assets.

The Debtor in Possession has transferred, pursuant to Orders of this Court, (Document No's 57, 83, 91, 98, 131 and 181), all of the funds that were secured by liens to the creditors who were required to be paid pursuant to prior Orders of this Court. The only funds remaining on hand with the Debtor in Possession are described below.

On March 14, 2010, the Debtor in Possession filed Monthly Operating Reports for December 2009, January 2010 and February 2010. On March 24, 2010, the Debtor in Possession filed a partial Monthly Operating Report for the period March 1, 2010 through and including March 24, 2010 (the "Partial Report").

As shown on the Partial Report, on March 24, 2010 the Debtor in Possession paid United States Trustee Fees of $325.00 for the Fourth Quarter of 2009 and paid $975.00 for the First Quarter of 2010. A copy of the check(s) reflecting these payments is attached hereto as **EXHIBIT A**. Additionally, on March 12, 2010, the Debtor in Possession paid one hundred eighty one dollars and seventy five cents ($181.75) to the United States Treasurer for taxes related to operations in the year 2008. All remaining funds were paid toward tax preparation costs as shown on the Partial Report.

2

As also shown on the Partial Report, as of March 24, 2010, the Debtor in Possession has only zero dollars ($0) remaining. The Debtor in Possession represents and warrants that to the best of the Debtor in Possession's knowledge information and belief, there are no remaining assets of the Debtor in Possession.

As a result of the sales described above, and the above-noted disbursements, for all practical purposes no funds remain for the payment of any unsecured creditors' claims. As a result of this lack of funds, the bankruptcy estate is left both administratively insolvent and unable to produce any return to creditors that would fall within any unsecured class.

Given the above factors, conversion to chapter 7 would serve no useful purpose since there are no assets left to be administered by a chapter 7 trustee. It appears that a chapter 7 case would not result in any funds being transferred to unsecured creditors.

Additionally, since the assets have be liquidated / distributed pursuant to Orders of this Court during the pendency of this case, the Debtor in Possession is unable to file a plan of reorganization as there is nothing to be reorganized. Since there are no remaining assets, there is also no plan of reorganization that creditors might propose.

For the forgoing reasons, the Debtor in Possession has agreed with the United States Trustee that dismissal of this case is now fully appropriate, warranted and in the best interests of the estate and the creditor body as a whole.

The Court having reviewed the record and being sufficiently advise, IT IS HEREBY AGREED, ORDERED AND ADJUDGED AS FOLLOWS:

1. In light of the filing of the Partial Report and the lack of funds remaining, the Debtor in Possession does not have to file a Monthly Operating Report of the remainder of

3

March 2010.

2. In light of the all of the foregoing, the Court FINDS and CONCLUDES that dismissal of this case is appropriate and in the best interests of creditors and the estate.

3. This case is therefore DISMISSED.

4. The Clerk of the Bankruptcy Court is directed to provide the Notice of Dismissal of this case as required by the Bankruptcy Code and Bankruptcy Rules.

5. Counsel for the Debtor in Possession is directed to serve a copy of this Agreed Order on all creditors and parties in interest within three (3) calendar days of the date of this Order.

6. Service as set forth herein constitutes sufficient Notice in light of the facts of this case.

HAVE SEEN AND AGREED.


/s/ Stuart P. Brown, by PLH per voicemail authorization
Stuart P. Brown
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills, Mall Road, Suite 210
P.O. Box 17411
Covington, KY 41017-0411
(859) 331-2000
Attorneys for Debtor in Possession


/s/ Philip L. Hanrahan
Philip L. Hanrahan
Trial Attorney
Office of the United States Trustee
100 East Vine Street, Suite 500
Lexington, KY 40507
(859) 233-2822

Pursuant to Local Rule 9022-1(c),
Counsel for the Debtor shall cause a copy
of this Order to be served on each
of the parties designated to receive this
Order pursuant to Local Rule 9022-1(a)
and shall file with the court a certificate
of service of the Order upon such parties
within Fourteen (14) days hereof.

Copies to:

Stuart P. Brown **(TO SERVE)**
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills, Mall Road, Suite 210
P.O. Box 17411
Covington, KY 41017-0411

AND

All creditors and parties in interest

5

P:\Chapter 11 cases\SMI New Home Solutions 08-20895\Pleadings\Agreed Order Dismissal FINAL (signed).doc

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Tuesday, March 30, 2010**
**(jms)**





